COPY

WENDY L. SLAVKIN, ESQ.
LAW OFFICES OF WENDY L. SLAVKIN
wendy@slavkinlaw.com
11707 Sunset Boulevard, Suite 24
Los Angeles, California 90049
State Bar No. 89100

(310) 476-1959 voice
(310) 476-1939 fax

Attorney for Plaintiff CACHET BANQ, a California corporation

FILED
13 MAR -4 PM 3:52
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ________

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

CACHET BANQ, a California corporation

Plaintiff,

v.

CACHET FINANCIAL SOLUTIONS, INC., a Minnesota corporation,

Defendants

Case No. CV13-01546 FMO(JCx)

**COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION**

**[DEMAND FOR JURY TRIAL]**

## JURISDICTION, VENUE AND PARTIES

1. This is an action for preliminary and permanent injunctive relief and for damages arising from Defendant CACHET FINANCIAL SOLUTIONS, INC., a Minnesota corporation for infringement of Plaintiff's trademarks for Defendant's violation of 15 U.S.C. §§1114 and 1125(a), and for trademark infringement, passing off, and unfair competition under the common law and the laws of the State of California.

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1338(a), 1338(b), and 15 U.S.C. §1121.

3. Plaintiff is a corporation organized and existing under the laws of the State of



Wendy L. Slavkin, Esq.
LAW OFFICES OF WENDY L. SLAVKIN
11707 Sunset Boulevard, Suite 24
Los Angeles, CA 90049

California with its principal place of business at 750 East Green Street, Pasadena, California 91101.

4. Plaintiff is informed and believes that at all times material hereto, Defendant is located at 18671 Lake Drive East, Minneapolis, Minnesota 55317.

5. This Court has general personal jurisdiction over Defendant, as (i) Defendant's conduct discussed herein effects Plaintiff which resides in California; and (ii) Defendant directs its marketing and advertising in California and offers its services in California, thus creating a likelihood of confusion in the minds of California residents. This Court has long arm jurisdiction over Defendant pursuant to California Civil Procedure §410.10 et seq. Venue is also appropriate in this jurisdiction.

**FACTS COMMON TO ALL CAUSES OF ACTION**

6. Plaintiff is the owner of the following U. S. Trademark Registration: U.S. Trademark Registration No. 2,857,465 registered on June 29, 2004, for CACHET for financial services, namely automated clearing house processing services for the payroll service industry in Class 36 (hereinafter referred to as "the CACHET MARK").

7. Since at least as early as September 2001, Plaintiff has used its CACHE MARK in connection with its financial services, including automated clearing house processing services for the payroll service industry.

8. Commencing at least as early as September 2001, Plaintiff established a large and valuable business and goodwill in the use of its CACHET MARK and is well known in the financial service industry.

9. As a result of its use and promotional activities, Plaintiff has developed goodwill in the CACHET MARK, and is a leader in the financial and payroll service industries.

10. Defendant is using the mark CACHET FINANCIAL SERVICES in connection with various financial services. Defendant is also seeking to register the mark CACHET FINANCIAL SOLUTIONS, with the U. S. Patent & Trademark Office.

11. Defendant markets it services through the same or similar channels as

Wendy L. Slavkin, Esq.
LAW OFFICES OF WENDY L. SLAVKIN
11707 Sunset Boulevard, Suite 24
Los Angeles, CA 90049

Plaintiff markets its services.

12. Defendant's mark is highly similar to Plaintiff's CACHET MARK. The parties' marks are such that prospective purchasers or consumers of the services of Defendant and the services of Plaintiff are likely to be confused as to source.

13. Defendant's use in commerce of CACHET FINANCIAL SOLUTIONS in connection with financial services is causing and is likely to cause confusion, deception and mistake in the minds of the public with respect to the origin and source of the services.

14. Plaintiff is informed and believes that Defendant deliberately misappropriated Plaintiff's CACHET MARK in order to trade upon the goodwill which Plaintiff has developed in connection therewith, and to lead customers to believe that Plaintiff is the source of its services, which in fact do not originate with Plaintiff and are not sponsored by, or affiliated with Plaintiff.

**FIRST CAUSE OF ACTION**

**FEDERAL TRADEMARK INFRINGEMENT**

15. Plaintiff realleges and incorporates herein by reference paragraphs 1 to 14 above.

16. Defendant's continued and unauthorized use of CACHET FINANCIAL SOLUTIONS constitutes trademark infringement under 15 U.S.C. §1114.

17. Defendant's use in commerce of the mark CACHET FINANCIAL SOLUTIONS is likely to (i) cause confusion and mistake in the minds of the public with respect to the origin, affiliation, and source of Defendant's services and (ii) to deceive purchasers of such services into believing that Plaintiff controls the quality thereof and/or endorses the same.

18. Upon information and belief, Defendant's acts of trademark infringement are willful and have been committed with the intent to cause confusion, mistake, and deception.

19. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and

Wendy L. Slavkin, Esq.
LAW OFFICES OF WENDY L. SLAVKIN
11707 Sunset Boulevard, Suite 24
Los Angeles, CA 90049

goodwill. Defendant will continue, unless restrained, to use Plaintiff's trademark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with it, from engaging in further acts of trademark infringement.

20. Plaintiff is further entitled to recover from Defendant, damages sustained by Plaintiff as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of trademark infringement.

21. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant has realized by reason of her acts of trademark infringement.

## SECOND CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

22. Plaintiff's hereby incorporate by reference paragraphs 1 to 21 above.

23. Defendant's actions constitute a false designation of origin in violation of 15 U.S.C. §1125(a).

24. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendant will continue, unless restrained, to use marks confusingly similar to Plaintiff's CACHET MARK and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in further acts of false designation of origin.

25. Plaintiff is further entitled to recover from Defendant damages sustained by Plaintiff as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's acts of false designation of origin.



Wendy L. Slavkin, Esq.
LAW OFFICES OF WENDY L. SLAVKIN
11707 Sunset Boulevard, Suite 24
Los Angeles, CA 90049

26. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant have obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant have realized by reason of its acts of false designation of origin.

**THIRD CAUSE OF ACTION**

**UNFAIR COMPETITION**

27. Plaintiff hereby incorporate by reference paragraphs 1 to 26 above.

28. Defendant's actions constitute unfair competition under the common law.

29. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendant will continue, unless restrained, to use Plaintiff's CACHET MARK and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them from engaging in further acts of unfair competition.

30. Plaintiff is further entitled to recover from Defendant damages sustained by Plaintiff as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of unfair competition.

31. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant has realized by reason of their acts of unfair competition.

32. Defendant has engaged in such misconduct with a conscious, deliberate, intentional and/or reckless disregard of the rights of Plaintiff and the public; Plaintiff is therefore entitled to punitive damages to deter Defendant and others from again engaging in such misconduct in an amount to be established at trial.

///

Wendy L. Slavkin, Esq.
LAW OFFICES OF WENDY L. SLAVKIN
11707 Sunset Boulevard, Suite 24
Los Angeles, CA 90049

Wendy L. Slavkin, Esq.
LAW OFFICES OF WENDY L. SLAVKIN
11707 Sunset Boulevard, Suite 24
Los Angeles, CA 90049

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1. Finding that Defendant has violated 15 U.S.C. §1114, 15 U.S.C. §1125(a), and the common law, has infringed Plaintiff's' CACHET MARK, has unfairly competed with Plaintiff by falsely designating the origin of its services and has engaged in other acts of unfair competition;

2. Ordering that Defendant and its officers, agents, servants, employees and attorneys and all persons in active concert or participation with any of the foregoing, be enjoined preliminarily during the pendency of this action and permanently thereafter from:

a. Offering for sale, soliciting sales, advertising, or selling any services related to financial services in any medium under any mark, name, symbol, logo, or other indicia that incorporates or is confusingly similar to Plaintiff's' CACHET MARK;

b. Offering for sale, soliciting sales, advertising, or selling any financial services, under any mark, name, symbol, logo, or other indicia which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendant's services originate from Plaintiff, or that Defendant or their agents are authorized by Plaintiff or are endorsed by Plaintiff or are sponsored by Plaintiff, or are connected in some way with Plaintiff or Plaintiff's CACHET MARK;

c. Using false designations or from engaging in any act or series of acts which, either alone or in combination, constitutes deceptive or unfair methods of competition with Plaintiff and from otherwise interfering with, or injuring Plaintiff's trademark or the goodwill associated therewith;

3. Ordering that Plaintiff is the exclusive owner of the CACHET MARK and that such mark is valid and enforceable;

4. Ordering that Defendant deliver to Plaintiff for destruction all signs, advertisements, literature, and any other promotional material, which bear CACHET or

any other trademarks confusingly similar to Plaintiff's CACHET MARK.

5. Granting an award of damages suffered by Plaintiff according to proof at the time of trial herein, and an accounting of Defendant's profits as a result of Defendant's aforesaid acts of infringement in violation of Plaintiff's rights under the Lanham Act;

6. Granting an award of three times the amount of compensatory damages and profits pursuant to 15 U.S.C. §1117;

7. Granting an award of punitive damages in an amount to be established at trial;

8. Granting an award of Plaintiff's costs, expenses and reasonable attorneys' fees; and

9. Granting such other and further relief as is just and proper.

Dated: February 10, 2013

WENDY L. SLAVKIN
Attorney for Plaintiff

Wendy L. Slavkin, Esq.
LAW OFFICES OF WENDY L. SLAVKIN
11707 Sunset Boulevard, Suite 24
Los Angeles, CA 90049

Wendy L. Slavkin, Esq.
LAW OFFICES OF WENDY L. SLAVKIN
11707 Sunset Boulevard, Suite 24
Los Angeles, CA 90049

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims triable by jury.

Dated: February 10, 2013

Respectfully submitted,

[signature]

Wendy L. Slavkin, Esq.
LAW OFFICES OF WENDY L. SLAVKIN
11700 Sunset Boulevard, Suite 24
Los Angeles, CA 90049
Tel: (310) 476-1959
Fax: (310) 476-1939
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Fernando M. Olguin and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

**CV13- 1546 FMO (JCx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✓] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

COPY

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

CACHET BANQ, a California corporation

*Plaintiff(s)*

v.

CACHET FINANCIAL SOLUTIONS, INC., a Minnesota corporation

*Defendant(s)*

Civil Action No. CV13-01546 FMO(JCx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CACHET FINANCIAL SOLUTIONS, INC., a Minnesota corporation
Southwest Tech Center A
18671 Lake Drive East
Minneapolis, Minnesota 55317

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: WENDY L. SLAVKIN, ESQ.
LAW OFFICES OF WENDY L. SLAVKIN
11707 Sunset Boulevard, Suite 24
Los Angeles, CA 90049

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

JULIE PRADO

*Signature of Clerk or Deputy Clerk*

Date: MAR - 4 2013

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
# CIVIL COVER SHEET

COPY

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [ ] )

CACHET BANQ, a California corporation

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

CACHET FINANCIAL SOLUTIONS, INC., Minnesota corporation

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

WENDY L. SLAVKIN, ESQ.
11707 Sunset Boulevard, Suite 24
Los Angeles, CA 90049
310-476-1959

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No [X] **MONEY DEMANDED IN COMPLAINT: $** unknown at this time

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Trademark Infringement and Unfair Competition - 15 U.S.C. Sections 1114 and 1125(a)

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/Etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced & Corrupt Org.
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Info. Act
- [ ] 896 Arbitration
- [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- [ ] 153 Recovery of Overpayment of Vet. Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Fed. Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury-Med Malpratice
- [ ] 365 Personal Injury-Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accomodations
- [ ] 445 American with Disabilities-Employment
- [ ] 446 American with Disabilities-Other
- [ ] 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus/Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [X] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405 (g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

FOR OFFICE USE ONLY: Case Number: CV13-01546

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, CA | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Hennepin County, Minnesota |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Entire U.S. | Entire U.S. |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] DATE: February 10, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |